## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**TECHSHELL INC.,**

     **Plaintiff,**

**vs.**                          **CASE NO. 3:10-cv-154/RS-MD**


    **HARDCANDY CASES, LLC,**
    **SPECULATIVE PRODUCT DESIGN, INC.,**
    **f/d/b/a SPECK PRODUCTS, INC. and d/b/a**
    **SPECK, and XGEAR LLC,**

     **Defendants.**
_____/

## <u>ORDER</u>

Before me is Defendant Speculative Product Design's Motion to Dismiss (Doc. 66), and Plaintiff's Response (Doc. 79).

### I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual

allegations in the complaint as true and in the light most favorable to Plaintiff.

*Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Analysis

Defendant asserts that Count Two of the Second Amended Complaint should be dismissed because Plaintiff failed to state a claim under relevant parts of the Lanham Act. 15 U.S.C. § 1051 *et seq*. Plaintiff concedes that Count Two's assertion of false adverting is based solely on Section 43(a)(1)(B) of the Lanham Act codified in 15 U.S.C. § 1125(a)(1)(B). (Doc. 79, p. 2).

A defendant is liable for misrepresenting the "nature, characteristics, qualities, or geographic origin" of his or another person's goods when done in commercial advertising. 15 U.S.C. § 1125(a)(1)(B).

Defendant asserts that Count Two is insufficient to sustain a cause of action because alleged commercial statements, like those asserted in the Second Amended Complaint,[1] concerning whether a product is "new" or "innovative," or who was "first to develop" a technology, do not fall within the meaning of the Lanham Act's "nature, characteristics, or qualities of goods." (Doc. 66, p.10). Defendant relies heavily upon

---

[1] The Second Amended Complaint (Doc. 29, Para. 44) alleges the following:
"The Press Release and other advertisements are false and misleading because, among other things, Defendants Speck and Speculative:
(a) did not "invent" hard shell covers for notebook computers;
(b) did not "invent" hard shell covers for notebook computers that are comprised of a plastic material;
(c) did not "invent" the first "translucent hard shell design for computers in the market;"
(d) did not "invent" or create a "new" category of goods and computer accessories when it offered hard shell covers for sale in October 2006; and
(e) now contend that protective covers for laptop computers were not "inventive," "new," or "original."

*Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300 (Fed. Cir. 2009) (concluding that terms such as "innovative" or "new" do not constitute a nature, characteristic, or quality), a Federal Circuit case applying the law of the Ninth Circuit. In addition, Defendant cites several other cases, all from outside of the Eleventh Circuit, purporting to support its proposition. On the other hand, Plaintiff denies that *Baden* is controlling and asserts that Defendant made additional misrepresentations that were not addressed by the Motion, such as "industry first" or "new category of goods."

Because interpretation of false advertising under the Lanham Act is specific to each Circuit, *Baden Sports, Inc.*, 556 F.3d at 1304, and neither party has cited a case on point within our Circuit, there is a genuine dispute as to whether Defendant's alleged misrepresentations fall within those prohibited by the Act. In the light most favorable to Plaintiff, the claim is plausible on its face. The dispute need not be resolved at this stage of the case. Rather, when appropriate, the precise nature of alleged misrepresentations needs to be examined in relation to a thorough review of Lanham Act precedent.

Defendant Speculative Product Design's Motion to Dismiss (Doc. 66) is **denied.**

**ORDERED** on November 3, 2010

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**